## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **ANNA CARROLL,** | } |
| | } |
| **Plaintiff,** | } |
| | } |
| **v.** | }   Case No.:  2:18-cv-1060-RDP |
| | } |
| **MACY'S, INC., et al.,** | } |
| | } |
| **Defendants.** | } |

## ORDER

On June 2, 2020, the court held a Final Settlement Approval Hearing. Consistent with the Memorandum Opinion entered contemporaneously with this Order, Plaintiff's Unopposed Motion for Final Approval of Class Settlement and Final Certification of Class for Settlement and Incentive Award (Doc. # 38) is **GRANTED** and Plaintiff's Unopposed Motion for Award of Attorneys' Fees and Expenses (Doc. # 40) is **GRANTED**.

The court hereby **ORDERS** the following:

1.  The court retains jurisdiction over the subject matter of this action, as well as over all claims raised in and all Parties to, including the Settlement Class.

2.  The Settlement Agreement was entered into in good faith following arm's-length negotiations and is non-collusive.

3.  The Settlement Agreement is, in all respects, fair, reasonable, and adequate, is in the best interests of the Settlement Class, and is therefore **APPROVED**.

4.  For purposes of the Settlement Agreement and this Final Judgment only, the court finally **CERTIFIES** the following Settlement Class:

> All residents of the United States who Macy's sent a notification in July 2018 concerning suspected unauthorized activity as a result of the Cyber

Attack. The Settlement Class specifically excludes: (i) Macy's and its officers and directors; (ii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (iii) the Judge or Magistrate Judge to whom the action is assigned and any member of those Judges' staffs or immediate family members; and (iv) any other person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity or occurrence of the Cyber Attack or who pleads *nolo contendere* to any such charge.

5. For settlement purposes, the Settlement Class meets all the requirements of Federal Rule of Civil Procedure 23(a) and (b)(3).

6. The court **GRANTS** final approval of the Settlement Agreement, including but not limited to the releases in the Settlement Agreement and the plans for implementation and distribution of the settlement relief. All Settlement Class Members who have not timely and validly opted out are bound by the Settlement Agreement and this Final Judgment, including, without limitation, all releases therein.

7. The court **GRANTS** final approval to the appointment of Plaintiff Anna Carroll as Representative Plaintiff. Plaintiff Carroll has fairly and adequately represented the Settlement Class and will continue to do so.

8. The court **GRANTS** final approval to the appointment of Nicholas Armstrong and Oscar M. Price IV of Price Armstrong, LLC as Class Counsel. Class Counsel have adequately represented the Settlement Class and will continue to do so.

9. The Notice Program, as set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order, satisfies Rule 23(c)(2). It was the best notice practicable under the circumstances; was reasonably calculated to provide and did provide due and sufficient notice to the Settlement Class of the pendency of the Litigation, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement Agreement, and of their right to object and to appear at the Final Approval Hearing or to exclude

themselves from the Settlement Class; and satisfied the other requirements of the Federal Rules of Civil Procedure, the United States Constitution, and other applicable law.

10. Macy's has fully complied with the notice requirements of the Class Action Fairness Act of 2005, as codified in 28 U.S.C. § 1715.

11. The Parties **SHALL** effectuate the Settlement Agreement in accordance with its terms. The Settlement Agreement and every term and provision thereof **SHALL** be deemed incorporated herein as if explicitly set forth herein and **SHALL** have the full force of an Order of this court.

12. All persons who have not objected to the Settlement Agreement in the manner provided in the Settlement Agreement are deemed to have **WAIVED** any objections to the Settlement, including, without limitation, by appeal, collateral attack, or otherwise.

13. Those putative Settlement Class Members who have timely and validly elected to opt out of the Settlement Class (the "Opt-Out Members"), and who therefore are **NOT** bound by the Settlement Agreement and this Final Judgment have been submitted to the court in the Declaration of KCC (Doc. # 39-1). Those Opt-Out Members are Chia-Kai Chu, Evette Ungar, and Sarah Guilbeau. Those individuals are not bound by the Settlement Agreement and this Final Judgment and **SHALL NOT** be entitled to any of the benefits afforded to the Settlement Class Members under the Settlement Agreement.

14. Pursuant to Rule 23(h), the court **AWARDS** Class Counsel the sum of $60,000.00 as the Fee Award and $2,500.00 as the Expense Award. These amounts **SHALL** be paid in accordance with the terms of the Settlement Agreement.

15. The court **GRANTS** Class Counsels' request for an incentive award to the Class Representative and **AWARDS** $2,500.00 to Representative Plaintiff Carroll. This payment is justified by her service to the Settlement Class. This payment **SHALL** be paid in accordance with the Settlement Agreement.

16. The Parties to the Settlement Agreement **SHALL** carry out their respective obligations thereunder.

17. Within the time period set forth in and consistent with the Settlement Agreement, the relief provided for in the Settlement Agreement **SHALL** be made available to the various Settlement Class Members submitting valid Claim Forms, pursuant to the terms and conditions of the Settlement Agreement.

18. Upon the Effective Date, Representative Plaintiff Carroll and each Settlement Class Member who is not an Opt-Out Member, and each of their respective representatives, heirs, estates, successors, predecessors, and assigns, and all those who claim through them or who assert claims (or could assert claims) on their behalf (including the government in the capacity as parens patriae or on behalf of creditors or estates of the releasors), and each of them, will be deemed to have, and by operation of this Final Judgment **SHALL** have, completely, fully, finally, irrevocably, and forever released, relinquished, and discharged the Released Persons from any and all claims, rights, rights of set-off and recoupment, demands, actions, obligations, and causes of action of any and every kind, nature, and character, known and unknown (including Unknown Claims), that any Settlement Class Member has, has asserted, could have asserted, or could assert against any of the Released Persons based on, relating to, concerning, or arising out of the Cyber Attack (including but not limited to the theft or compromise of Personal Information) or the allegations, facts, or circumstances described in the Litigation and/or Amended Complaint (collectively the "Released

Claims").

19.     "Released Claims" include, without limitation, negligence, negligence per se, breach of contract, breach of implied contract, breach of fiduciary duty, breach of confidence, invasion of privacy, misrepresentation (whether fraudulent, negligent, or innocent), unjust enrichment, bailment, wantonness, failure to provide adequate notice pursuant to any breach notification statute or common law duty, any federal, state, or local statutory or regulatory claims, including, but not limited to, pursuant to consumer protection laws, unfair and deceptive trade practice laws, and further including, but not limited to, any and all claims for damages, injunctive relief, disgorgement, declaratory relief, equitable relief, attorneys' fees, costs, and expenses, pre-judgment interest, credit monitoring services, the creation of a fund for future damages, statutory damages, punitive damages, special damages, exemplary damages, restitution, the appointment of a receiver, and any other form of relief.

20.     "Unknown Claims" means any of the Released Claims that any Settlement Class Member, including Representative Plaintiff Carroll, does not know or suspect to exist in his/her favor at the time of the release of the Released Persons that, if known by him or her, might have affected his or her settlement with, and release of, the Released Persons, or might have affected his or her decision not to object to and/or to participate in this Settlement Agreement. With respect to any and all Released Claims, the Parties **STIPULATE** and **AGREE** that upon the Effective Date, Representative Plaintiff Carroll expressly **SHALL** have, and each of the other Settlement Class Members **SHALL** be deemed to have, and by operation of this Final Judgment **SHALL** have, **WAIVED** the provisions, rights, and benefits conferred by California Civil Code § 1542 to the extent applicable, and also any and all provisions, rights, and benefits conferred by any law of any state, province, or territory of the United States (including, without limitation, Montana Code

Ann. § 28-1-1602; North Dakota Cent. Code § 9-13-02; and South Dakota Codified Laws § 20-7-11), which is similar, comparable, or equivalent to California Civil Code §1542.

21. Even if Settlement Class Members, including Representative Plaintiff Carroll, and any of them, may hereafter discover facts in addition to, or different from, those that they now know or believe to be true with respect to the subject matter of the Released Claims, Representative Plaintiff Carroll expressly **SHALL** have, and each other Settlement Class Member **SHALL** be deemed to have, and by operation of this Final Judgment **SHALL** have, upon the Effective Date, fully, finally, and forever **SETTLED** and **RELEASED** any and all Released Claims, including Unknown Claims. The Parties acknowledge, and Settlement Class Members **SHALL** be deemed by operation of this Final Judgment to have **ACKNOWLEDGED**, that the foregoing waiver is a material element of the Settlement Agreement of which this release is a part.

22. This Final Judgment and the Settlement Agreement, and all acts, statements, documents or proceedings relating to the Settlement Agreement are not, and **SHALL NOT** be construed as, used as, or deemed to be evidence of, an admission by or against Macy's of any claim, any fact alleged in the Litigation, any fault, any wrongdoing, any violation of law, or any liability of any kind on the part of Macy's or of the validity or certifiability for litigation of any claims that have been, or could have been, asserted in the action.

23. This Final Judgment, the Settlement Agreement, all acts, statements, documents or proceedings relating to the Settlement Agreement **SHALL NOT** be offered or received or be admissible in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of any liability or wrongdoing of any nature or that Plaintiff, any Settlement Class Member, or any other person has suffered any damage; provided, however, that the Settlement Agreement and this Final Judgment may be filed in any action by Macy's or Settlement

Class Members seeking to enforce the Settlement Agreement or this Final Judgment (including but not limited to enforce the releases contained herein). The Settlement Agreement and Final Judgment **SHALL NOT** be construed or admissible as an admission by Macy's that Plaintiff's claims or any similar claims are suitable for class treatment.

24. The Settlement Agreement's terms **SHALL** be forever binding on, and **SHALL** have res judicata and preclusive effect in, all pending and future lawsuits or other proceedings as to Released Claims (and other prohibitions set forth in this Final Judgment) that are brought, initiated, or maintained by, or on behalf of, any Settlement Class Member who is not an Opt-Out Member or any other person subject to the provisions of this Final Judgment.

25. The court hereby **DISMISSES** this action and Amended Complaint and all claims therein on the merits and **WITH PREJUDICE**, without award of any fees or costs to any Party except as expressly provided in this Final Judgment.

26. Consistent with Paragraph 10.1 of the Settlement Agreement, if the Effective Date, as defined in the Settlement Agreement, does not occur for any reason, this Final Judgment and the Preliminary Approval Order **SHALL** be deemed vacated and have no force and effect whatsoever; the Settlement Agreement **SHALL** be considered null and void; all of the Parties' obligations under the Settlement Agreement, the Preliminary Approval Order, and this Final Judgment **SHALL** cease to be of any force and effect and the Parties **SHALL** return to the status quo ante in the Litigation as if the Parties had not entered into the Settlement Agreement. In such an event, the Parties **SHALL** be restored to their respective positions in the Litigation as if the Settlement Agreement had never been entered into (and without prejudice to any of the Parties' respective positions on the issue of class certification or any other issue).

27. Pursuant to the All Writs Act, 28 U.S.C. § 1651, the court **SHALL** retain the authority to issue any order necessary to protect its jurisdiction from any action, whether in state or federal court.

28. Without affecting the finality of this Final Judgment, the court **RETAINS** jurisdiction over the subject matter and the Parties with respect to the interpretation and implementation of the Settlement for all purposes, including enforcement of its terms at the request of any party and resolution of any disputes that may arise relating in any way to, arising from, the implementation of the Settlement or the implementation of this Final Judgment.

**DONE** and **ORDERED** this June 5, 2020.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE